THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.*. GEORGE W. LAKE, Appellant.

It is no defense to an indictment for incest that the female with whom the defendant is charged with having committed the crime, although his daughter, is illegitimate. As the consanguinity in such case would make the marriage of the parties incestuous and void (2 R. S. 139, § 3), the provision of the Penal Code defining the crime (§ 302) applies.

It is not a material variance that in an indictment for such a crime the middle name of the female is omitted, when there is no question as to her identity.

(Argued May 4, 1888; decided June 5, 1888.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made July 1, 1887, which affirmed a judgment of the Court of Sessions of the county of Richmond, convicting the defendant of the crime of incest.

The facts, so far as material, are stated in the opinion.

*G. Arnold Moses* for appellant. It was absolutely indispensable to identify the person on whom the offense is committed by apt descriptive words. (1 Bish. Cr. P. [3d ed.] §§ 97, 108, 109, 488, 677; Wh. Cr. P. & P. [8th ed.] §§ 90, 116; Wh. Cr. Ev. § 95; Heard Cr. Pl. §§ 55, 58; Code Crim. Pro. § 281; *People* v. *Lake,* Genl. Term, 1885; *State* v. *Curran,* 18 Mo. 320; *Clark's Case,* Rus. & Ry. 358; *McGarvey* v. *People,* 45 N. Y. 153.) An indictment of crime with "daughter" cannot be sustained by proof of "bastard," as the "lady in court" is proved to be. (*State* v. *Roswell,* 6 Conn., 446.) As defendant is proved married, he could not commit "fornication," as charged by the indictment. (*Banmer* v. *State,* 2 Am. Cr. R. 354; *In re Thomas,* 21 Alb. L. J. 498; *People* v. *Harridan,* 1 Park. Cr. Rep. 344; 1 Colby Cr. Law, 621.) Incest cannot be committed with an illegitimate child. (*State* v. *Roswell,* 6 Conn. 446; R. S., part 2, chap. 8, tit. 1, art. 1, § 3.)

*George Gallagher* for respondent. The sexual act committed with a natural daughter is within the statute equally as if she were born in wedlock. (R. S., part 2, chap. 8, tit. 1, art. 1; *State* v. *Schaunhurst*, 34 Iowa, 547.)

Finch, J. The prisoner was convicted of incest. To linger over the facts or repeat the details of the proof would peril the calmness and cleanness which belong to a judicial record, and we should, therefore, touch the disgraceful history only at points where necessity compels. The evidence was claimed to be insufficient, but it fairly established the prisoner's guilt, and fully justified the verdict of the jury. If some of it was open to objection, at least no objection was made, and the inference of the defendant's guilt was an easy deduction from the proof. The principal ground of defense asserted is that the victim of his lust, although his own daughter, was illegitimate, and so, whatever his depravity, it was not the crime of incest. He seduced that daughter's mother; abandoned her and the child for some years; then returning, took the daughter, just grown into womanhood, for his bookkeeper, as he said; seduced her in turn; and now pleads her illegitimate birth, the disgrace which she inherited from her cradle and inherited from him, as a defense to the charge of which he stands convicted. The law draws no such distinction. If it did we should be ashamed of it; for the offense, although committed with a daughter born out of wedlock, is not by that fact mitigated or condoned. She stood related to him by consanguinity within the forbidden degrees. That she had no inheritable blood for the purposes of descent and distribution does not alter the actual and natural relation. Kent says, while speaking of the general legislation relative to bastards, "this relaxation, in the laws of so many of the states, of the severity of the common law rests upon the principle that the relation of parent and child, which exists in this unhappy case, in all its native and binding force, ought to produce the ordinary legal consequences of that consanguinity." (Vol. 2, p.* 213.) It was early held to be unlawful for a bastard to marry within

the Levitical degrees (*Hains* v. *Jeffel*, 1 Ld. Raym. 68): a doctrine which of necessity recognized relationship and consanguinity.

But our statutes leave no room for any reasonable doubt. The Penal Code (§ 302) enacts that " persons being within the degrees of consanguinity, within which marriages are declared by law to be incestuous and void, who shall intermarry with each other, or who shall commit adultery or fornication with each other, shall, upon conviction, be punished," etc. This enactment is taken from the Revised Statutes (pt. 4, chap. 1, tit. 5, art. 2, § 12), and its reference is to the provision as to marriage (pt. 2, chap. 8 tit. 1, art. 1, § 3). That declares marriages between parents and children incestuous and void, and specially includes illegitimate as well as legitimate children. Since, therefore, the consanguinity between father and daughter, although the latter be illegitimate, is by law declared to make their marriage incestuous and void, the provision of the Penal Code applies to the same relation and describes the crime of incest. Beyond its utter want of merit the defense has no foundation in the law.

A technical variance between the indictment and proof was asserted to exist and pressed upon our attention. The indictment gave the name of the daughter as " Georgiana Towne, commonly known as Georgiana Lake." There was no question of her identity, for she was present during the trial and was identified by the witnesses. The proof shows that she was named Georgiana Jeanette, and, by an abbreviation of the middle name, was generally spoken of as Nettie Lake. It was no misnomer to describe her as Georgiana Lake. Her name was Georgiana, and she was commonly called Lake. Her father acknowledged her as his daughter, and she commonly bore his name, so that her true name in full was Georgiana Jeanette Lake, and it was no variance to describe her as Georgiana Lake, and the question of identity was put at rest by her presence.

Other technical variances were urged, and complaints of the character of some of the testimony. They are not founded

upon any exceptions taken by the prisoner, and do not seem to us to justify a conclusion of error in the proceedings.

The judgment should be affirmed.

All concur.

Judgment affirmed.