Judgment accordingly.

---

The H. R. & C. Company, Inc., and Others, Plaintiffs, v. Eleanor M. Smith and Others, as Administrators, etc., of George D. Smith, Deceased, and Peter S. Seery, as Sheriff of the County of Kings, State of New York, Defendants.

Supreme Court, Kings Special Term, July, 1923.

Judgments — docket — name of judgment debtor — right of subsequent purchasers to rely upon the record as it appears.

On July 6, 1916, judgment was docketed in a county clerk's office against Bess Hedges. On July 12, 1916, an action was commenced for the foreclosure of a mortgage covering premises formerly owned by Mary Elizabeth Hedges and the property was sold and the referee's deed recorded in January, 1917. Plaintiff, the owner, seeks to bar defendants from any claim or incumbrance upon the premises on their contention that Bess Hedges and Mary Elizabeth Hedges were identical and that the judgment was properly docketed. *Held*, that subsequent purchasers are bound by what the record contains and have a right to rely upon the record as it appears; that plaintiff in searching the records was not bound to ascertain whether a judgment recorded against Bess Hedges was against the same person against whom a judgment was obtained wherein the defendant was described as " Elizabeth Hedges, also known as Bess Hedges;" that the record must conclusively create notice or purchasers will not be held to have had constructive notice, and that the property owned by Mary Elizabeth Hedges was not affected by the judgment against Bess Hedges.

Action to bar judgment as a lien on real estate.

*Henry M. Bellinger*, for plaintiffs.

*Henry G. Wiley*, for defendants, administrators.

Lewis, J.   The question presented is whether a default judgment docketed against Bess Hedges is notice to subsequent purchasers of real estate, title to which was in Mary Elizabeth Hedges.

The judgment was docketed on July 6, 1916, in the office of the clerk of the county of Kings.   On July 12, 1916, an action was instituted for the foreclosure of a mortgage covering the premises formerly owned by Mary Elizabeth Hedges.   The foreclosure proceeded to judgment, a sale was had, and the referee's deed recorded January 29, 1917.   The premises were conveyed to the plaintiffs.

The relief sought is that the defendants be barred from any claim to any interest or lien or incumbrance upon the premises, and that the plaintiffs hold their respective titles free from the lien of the judgment.

There is no proof showing that there was actual notice on the part of the purchasers that Mary Elizabeth Hedges or Elizabeth Hedges and Bess Hedges were one and the same individual, or that the judgment debtor Bess Hedges was the wife of Dayton Hedges.

The question remaining is whether the record of the judgment against Bess Hedges was constructive notice that Bess Hedges and Mary Elizabeth Hedges were identical.

The defendants maintain that the entry of the judgment against Bess Hedges complied with the provisions of section 1246 of the Code of Civil Procedure (now section 501 of the Civil Practice Act), which provides that " each county clerk when he files a judgment roll * * * must docket the judgment by entering in the proper docket book the following particulars * * * 1. The name, *at length*, of the judgment debtor * * *," and also section 1251 of the Code of Civil Procedure, providing that " no judgment shall be a charge upon or bind the real property of any person unless and until he be designated by his name in a docket of such judgment in the office of the clerk of the county where such property is."   Defendants also claim that Bess Hedges has been designated therein by *her* name.

The statute was unknown to the common law.   The provisions, therefore, must be strictly complied with, otherwise notice does not obtain.   2 Pom. Eq. Juris. (3d ed.) § 650.   Subsequent purchasers are bound by what the record contains and have a right to rely upon the record as it appears.   Those searching the records for judgments affecting property held by Mary Elizabeth Hedges or Elizabeth Hedges are not bound to ascertain whether a judgment recorded against Bess Hedges is against the same person against whom a

judgment was obtained wherein the defendant was described as "Elizabeth Hedges, also known as Bess Hedges;" nor can notice be predicated upon the fact that the name of Dayton Hedges was coupled as a defendant in the other judgment.

Examination of authorities indicates that the record must conclusively create notice or purchasers will not be held to have had constructive notice.

In *Johnson* v. *Hess*, 126 Ind. 298, it was held that a person was not chargeable with notice that H. W. Mankedick and the William Mankedick named in the judgment were the same person.

In *Davis* v. *Steeps*, 87 Wis. 472; 23 L. R. A. 818, the court in passing upon a statute of Wisconsin, identical with section 1246 of the Code of Civil Procedure (now section 501 of the Civil Practice Act), requiring the entry of the name at length of each judgment debtor, held that a judgment docketed against Edward Davis was not constructive notice that there was an incumbrance against either E. A. Davis or Edward A. Davis.

In *Wicker* v. *Jenkins*, 49 Tex. Civ. App. 366, the court held, in construing a statute requiring an abstractor to state the names of the plaintiff and of the defendant in such judgment, that in giving the name of the plaintiff as W. B. F. Wicker instead of W. F. B. Wicker there was not substantial compliance with the statute and the record did not create a lien on the land in controversy.

In *First National Bank* v. *Hacoda Mercantile Co.*, 169 Ala. 476; 32 L. R. A. (N. S.) 243, it was held that the record of a mortgage executed in the name of A. W. Dixon is not notice to subsequent purchasers that it was executed by J. W. Dixon.

In *Prouty* v. *Marshall*, 225 Penn. St. 570; 25 L. R. A. (N. S.) 1211, the mortgage sued upon was never correctly recorded. The record shows the mortgage to have been executed by S. J. Marshall and the name of L. J. Marshall does not appear. It was held that the recording of a mortgage given by S. J. Marshall is not notice to any one seeking for incumbrances against L. J. Marshall.

In *Turk* v. *Benson*, 30 N. D. 200; 56 L. R. A. (N. S.) 1211, it was held that an abstractor was not liable for failure to return a judgment against William J. Rideout upon a search for William G. Rideout.

While the judgment may have been valid between the parties, it cannot be claimed that the property owned by Mary Elizabeth Hedges or Elizabeth Hedges was affected by the judgment against Bess Hedges. The docket was the guide and there was no duty incumbent upon the purchaser to make inquiry as to whether Bess Hedges was the same individual as Elizabeth Hedges.

Judgment accordingly.