H. R. & C. Company, Inc., and Others, Respondents, *v.* Eleanor M. Smith and Others, as Administrators, etc., of George D. Smith, Deceased, Appellants, Impleaded with Peter S. Seery, as Sheriff of the County of Kings, State of New York, Defendant.

Second Department, February 26, 1925.

Judgments — action to restrain judgment creditor from taking action under judgment — real property in question was purchased by plaintiffs' predecessor at sale on foreclosure of mortgage executed by " Mary Elizabeth Hedges " — said real property was devised to mortgagor under name of " Elizabeth Hedges " — other mortgages were executed by mortgagor under name of " Elizabeth Hedges " — judgment was docketed prior to judgment in question against " Elizabeth Hedges also known as Bess Hedges " — search in foreclosure proceeding was made to July 5, 1916 — on July 6, 1916, judgment in question was entered against " Bess Hedges " — foreclosure action was commenced on July 11, 1916, and judgment creditor was not made party — evidence shows that " Mary " was dropped by Mary Elizabeth Hedges from her name — docket of said judgment against " Bess Hedges." was constructive notice — said judgment is lien.

In an action to restrain the defendants from enforcing a judgment against real property held by the plaintiffs, in which it appears that plaintiffs' title is based on a mortgage foreclosure sale in proceedings to foreclose a mortgage executed

by " Mary Elizabeth Hedges," and that the judgment in question was docketed against " Bess Hedges " a few days prior to the commencement of the foreclosure action on July 11, 1920, the next day after the completion of a search on July 5, 1920, for the purpose of the foreclosure, the plaintiffs are not entitled to relief, for the judgment in question was a lien on the premises at the time the foreclosure action was commenced, and, the judgment creditor not having been made a party to the foreclosure action, the lien was not in any way affected.

The docketing of the judgment against "Bess Hedges" was constructive notice to purchasers, since it appears that the property in question was devised to " Elizabeth Hedges; " that while the mortgage in question was executed by " Mary Elizabeth Hedges " the mortgagor executed other mortgages under the name of " Elizabeth Hedges; " that Mary Elizabeth Hedges desired to and did, as she had the right to do, drop the name of " Mary " and did retain only the name " Elizabeth," and was known both by the name " Elizabeth " and the name " Bess; " and that a prior judgment was docketed against " Elizabeth Hedges also known as Bess Hedges."

Appeal by the defendants, Eleanor M. Smith and others, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Kings on the 10th day of September, 1923, upon the decision of the court rendered after a trial at the Kings Special Term granting to the plaintiffs a permanent injunction restraining the defendants from taking any proceedings under a certain judgment and execution affecting plaintiff's property described in the complaint.

*Alfred Hayes* [*Robert F. Greacen* with him on the brief], for the appellants.

*Henry M. Bellinger* [*L. L. Osborn* with him on the brief], for the respondents.

Jaycox, J.:

The controversy involved in this action arises in this way: Mrs. Hedges, under the name of Mary Elizabeth Hedges, made a mortgage to Francis B. Riggs, dated August 21, 1913. Default was made in a payment on this mortgage and a foreclosure action was instituted. A search was made for the purpose of that foreclosure to July 5, 1916. On the 6th day of July, 1916, a judgment against Bess Hedges, Dayton Hedges and the Municipal Asphalt Company, in favor of George D. Smith, for the sum of $5,060.58, was docketed in Kings county, where the premises involved in this action are situated. The foreclosure action of the Riggs mortgage was begun on the 11th or 12th of July, 1916. The judgment creditor in the above-mentioned judgment was not made a party. The foreclosure action was completed, the premises sold and they are now owned by the plaintiffs in this action. Recently the defendants, as the administrators of George D. Smith, deceased,

issued an execution upon the said judgment and advertised the plaintiffs' property for sale thereunder. This action was brought to restrain that sale or any other proceedings upon the judgment.

The premises in question were devised by the will of James J. McCormick to his daughter, Mrs. Elizabeth Hedges, of 15 Ryder avenue, Patchogue, L. I. This will was duly admitted to probate. The next step in relation to the title was the execution of the mortgage to Riggs under the name of Mary Elizabeth Hedges. At the time of the execution of that mortgage Mary Elizabeth Hedges made an affidavit in which she said she was the person mentioned in the will of her father as " Elizabeth Hedges." She also signed, under the name " Mary Elizabeth Hedges," a direction to the attorneys in the matter as to the disposition of the proceeds of the mortgage. This last paper was also signed by Dayton Hedges. In the affidavit she also stated that certain judgments were not against her, but against some other person of the same name. On the 8th day of March, 1916, a mortgage was executed upon these same premises by Elizabeth Hedges, wife of Dayton Hedges, to the New York Trap Rock Company, to secure the payment of $7,000. On the 5th of April, 1916, a mortgage on the same premises was executed by Elizabeth Hedges to the Commercial Trust Company of New York to secure the sum of $32,000. On the 8th day of June, 1916, a judgment was recovered by the Patchogue Bank against " Elizabeth Hedges, otherwise known as Bess Hedges," for the sum of $4,561.94, which judgment was docketed in Kings county on June 12, 1916.

For the purpose of putting the facts in chronological order I will again recite that on the 6th day of July, 1916, a judgment was docketed in Kings county in favor of George D. Smith against Bess Hedges, Dayton Hedges and the Municipal Asphalt Company for $5,060.58; that the foreclosure action on the Riggs mortgage was begun on the 11th or 12th of July, 1916, and that the parties defendant in that action were Mary Elizabeth Hedges, Dayton Hedges, New York Trap Rock Company, Commercial Trust Company and the Patchogue Bank. Neither George D. Smith, the judgment creditor, nor his administrators were made parties.

The question is: Was the judgment entered by Smith against Bess Hedges a lien on the premises? If so, of course the lien continues. If not, then the plaintiffs were entitled to the relief which has been awarded them.

Section 1246 of the Code of Civil Procedure* (which was then in force) says that when the clerk files a judgment roll he shall docket the judgment by entering in the proper docket book the

---

* Now Civ. Prac. Act, § 501.— [Rep.

following particulars under the initial letter of the surname of the judgment debtor in its alphabetical order: " 1. The name, at length, of the judgment debtor; and also his residence, title, and trade or profession, if any of them are stated in the judgment." This section, as I understand it, is merely a direction to the clerk as to the manner in which a judgment shall be docketed. The object of it is to restrain the clerk from making any abbreviations. He must place upon the docket book the name at length as he finds it in the judgment. He cannot abbreviate. The names must be written out by him in full, as found in the judgment. Section 1251 of the Code of Civil Procedure,* among other things, provides that no judgment shall be a charge upon or bind the real property of any person unless and until he be designated by his name in a docket of such judgment in the office of the clerk of the county where such property is, and under this section the trial court has held that this judgment was not docketed against the owner of these premises in such manner as to make it a lien thereon.

In his opinion the trial court said: " Those searching the records for judgments affecting property held by Mary Elizabeth Hedges or Elizabeth Hedges are not bound to ascertain whether a judgment recorded against Bess Hedges is against the same person against whom a judgment was obtained, wherein the defendant was described as ' Elizabeth Hedges, also known as Bess Hedges; ' nor can notice be predicated upon the fact that the name of Dayton Hedges was coupled as a defendant in the other judgment. Examination of authorities indicates that the record must conclusively create notice or purchasers will not be held to have had constructive notice." (121 Misc. 230.)

He cites a number of authorities, none of them, however, in this State, in which it has been held that errors in name have prevented the record from being constructive notice. Some of them, I think, would be contrary to the holdings in this State. The second case cited by him (*Davis* v. *Steeps*, 87 Wis. 472; 23 L. R. A. 818) held that a judgment against Edward Davis was not constructive notice of an incumbrance against either E. A. Davis or Edward A. Davis. I think that is contrary to the current of authorities in this State cited by the respondents themselves. They cite 29 Cyc. 264; *People* v. *Lake* (110 N. Y. 61); *Franklin* v. *Talmadge* (5 Johns. 84); *Van Voorhis* v. *Budd* (39 Barb. 479) and *Cornes* v. *Wilkin* (79 N. Y. 129). These cases hold that but one Christian name is recognized and that the insertion or omission of a middle name or initial in a criminal or civil proceeding is immaterial. None of the cases cited by the trial judge, however, is directly in point. The record evi-

---

* Now Civ. Prac. Act, § 510.— [Rep.

dence herein shows conclusively that Mrs. Hedges used the name " Elizabeth " in dealing with this property. She executed two mortgages on the property under that name. The respondents argue very strenuously that Mrs. Hedges' name was " Mary; " that the " Elizabeth " could be safely discarded and that " Mary " was the controlling feature of her name. The authorities, however, I think are entirely to the contrary and our experience is also to the contrary. I think there would be no question that a judgment recovered against the late J. Pierrepont Morgan under that name would have been a valid lien against his property. This subject has been discussed in *Matter of Snook* (2 Hilt. 566), and more recently in *Smith* v. *United States Casualty Company* (197 N. Y. 420). The discussion in these cases is very interesting and the result of it all is that a person may take and use any name he sees fit. In the course of the discussion many instances are cited of people adopting a name to suit themselves. One of those mentioned is the late President of the United States, Grover Cleveland, who, as we all remember, was christened " Stephen Grover Cleveland." He tired of " Stephen " and lopped it off. Another instance of this kind, although not cited in this case, is that of a man well known to all members of this court — Wilmot M. Smith. He was christened " Moses Wilmot Smith." When he became old enough to have a choice in the matter he did not like the arrangement of his name and he changed it to " Wilmot M. Smith."

In the present case I think the inference is quite plain from the will of Mrs. Hedges' father and from the two mortgages executed by her under the name of " Elizabeth " that she desired to drop the name of " Mary " and retain only the name of " Elizabeth."

Then the question would remain as to whether the docketing of the judgment under the name of " Bess Hedges " gave constructive notice of a judgment against the owner of these premises. " Bess " is a well-known diminutive or contraction of " Elizabeth." It has been known for hundreds of years. Queen Elizabeth of England has always been known as " Good Queen Bess." She has been so known and referred to ever since her reign. About one month before the docketing of this judgment another judgment was docketed in favor of the Patchogue Bank. Mrs. Hedges lived at Patchogue. This judgment was against " Elizabeth Hedges, otherwise known as Bess Hedges." This was sufficient notice to the mortgagee so that the Patchogue Bank was made a party to the foreclosure action. That Mary Elizabeth Hedges was known and did business as Elizabeth Hedges is quite clearly shown by the

12

search obtained by the mortgagee at the time of the foreclosure. The requisition there directed a search against both Mary E. Hedges and Elizabeth Hedges, and when a judgment against Elizabeth Hedges was found the judgment creditor was made a party to the action. That judgment recited, as I have previously stated, that she was otherwise known as " Bess Hedges." Any one searching the judgment docket would be sure to discover this fact, and when within a month thereafter another judgment was docketed against Bess Hedges, I think it was constructive notice that the judgment was against the owner of these premises, Elizabeth Hedges, the name under which she had twice mortgaged the premises.

If this judgment stood alone, I think a different question would be presented. If the property had always been handled under the name of Mary Elizabeth Hedges and then, without subjecting the same to liens under the name of Elizabeth Hedges, without the recovery of any other judgment or anything to indicate who was meant by the name " Bess," a judgment was entered against Bess Hedges, it would be very doubtful whether that judgment constituted notice. But here the owner showed a clear intention to drop the name of " Mary " by executing two mortgages upon the premises under the name of " Elizabeth." Later a judgment was docketed against Elizabeth, and it recited that she was otherwise known as " Bess." I think when the subsequent judgment was docketed against " Bess Hedges " it was adequate to give constructive notice. I am also of the opinion that " Bess " is such a well-known contraction or diminutive of the name " Elizabeth " that a judgment docketed against " Bess " must be held to designate Elizabeth by her name within the meaning of section 1251 of the Code of Civil Procedure.*

For these reasons I recommend that the judgment be reversed upon the law and the facts, with costs, and the complaint dismissed, with costs. The findings of fact and conclusions of law of the Special Term inconsistent with the views here expressed should be reversed and new findings and conclusions will be made in accordance therewith.

Kelly, P. J., Rich, Kelby and Young, JJ., concur.

Judgment reversed on the law and the facts, with costs, and complaint unanimously dismissed, with costs. The findings of fact and conclusions of law of the Special Term inconsistent with the views here expressed are reversed, and new findings and conclusions will be made in accordance therewith. Settle order on notice.

---

* Now Civ. Prac. Act, § 510.— [Rep.