DAVIDSON v. CROOKS et al.

(Supreme Court, Appellate Division, First Department. December 8, 1899.)

1. JUDGMENT—LIEN—DEEDS—EXECUTION—RECORDS.
Where, by lapse of time, the lien of a judgment upon a judgment debtor's land has ceased, and no conveyance or deed, upon execution sale thereof, executed by the sheriff, has been recorded, as required by statute, and the judgment debtor executes a valid conveyance to a third person, who received it for a valuable consideration, and without notice of any other conveyance, and duly recorded his deed as required by law, such third person would acquire a good title thereto, since, under the recording act (1 Rev. St. p. 756, § 1), every unrecorded conveyance of real estate is "void as against any subsequent purchaser in good faith, and for a valuable consideration."

2. SAME—CERTIFICATE OF SHERIFF'S SALE.
The record of a sheriff's certificate of sale is no notice to a subsequent grantee of the sale by the sheriff, and is, therefore, no cloud upon the title of the property.

Action by H. Augusta Davidson against John J. Crooks and another. Judgment for plaintiff.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Isaac L. Miller, for plaintiff.
Albert F. Gescheidt, Jr., for defendants.

INGRAHAM, J. The plaintiff in this action, being the owner and in possession of a piece of land now located in the city of New York, executed a contract whereby she agreed to convey to the defendant, and the defendant agreed to purchase, the said land. On the day named for the delivery of the conveyance, the plaintiff tendered to the defendant a conveyance, duly executed, sufficient to convey the premises to the defendant. The defendant refused to accept the deed for the reason that the title tendered was not marketable, and the question submitted is whether the conveyance tendered would vest in the defendant a good and marketable title to the premises. It appeared that one Schultze acquired the property by a conveyance dated August 1, 1855; that on March 25, 1861, one Fisher recovered a judgment against Schultze, which was duly docketed in the office of the clerk of Westchester county, within which county the property was then situated; that an execution against the real and personal property of the judgment debtor was duly issued to the sheriff of said county, who, pursuant thereto, duly sold at public auction on June 7, 1861, all the right, title, and interest of said judgment debtor in and to the premises to one William Henry Austin for the sum of $100, and made, executed, and delivered to said Austin a certificate of said sale dated June 7, 1861, which was duly recorded June 22, 1861, in the office of the

clerk of Westchester county; that no deed of said premises from such sheriff to Austin, or to any other person, was ever recorded in the office of the clerk or register of Westchester county, and, so far as the parties to this proceeding, or either of them, have any knowledge, information, or belief, no such deed has ever been made, executed, or delivered; that subsequently, on May 15, 1888, Schultze, said judgment debtor, and his wife, duly conveyed to the plaintiff the said premises for a valuable consideration, which said deed was recorded in the office of the register of Westchester county May 16, 1888; that after the execution of this contract, and on June 20, 1899, the plaintiff or her attorney was duly notified of the existence of the record of this sheriff's certificate of sale, but it was not alleged that the plaintiff or her attorney had any knowledge of the existence of such certificate prior to that time, or at the time the property was duly conveyed to her. The statute in force at the time that this certificate was given (2 Rev. St. p. 370, § 42) provides that, upon the sale of real estate by virtue of any execution, the officer making the same shall make out and subscribe duplicate certificates of such sale. By section 43 it is provided that one of such duplicate certificates shall, within 10 days after such sale, be filed in the office of the clerk of the county, and the other shall be delivered to the purchaser. By chapter 60 of the Laws of 1857 it is provided that:

"Whenever a certificate of the sale of real estate by a sheriff shall be filed in the office of the clerk or register of any county, pursuant to section forty-three of title five, chapter six of the Revised Statutes, it shall be the duty of such clerk immediately to record the same in a book to be kept by him for that purpose"; that "the record thereof, or a certified copy of such record, shall be evidence of the facts therein contained in all courts and places, the same as if the original record were produced."

By section 44 it is provided that:

"Such original certificate, upon being proved or acknowledged, in the manner required by law to entitle deeds to be recorded, or a copy of such original, duly certified by the clerk in whose office such original is filed, shall be received as presumptive evidence of the facts therein contained."

There is no provision in this statute making such record notice of the contents of the certificate, or of the sale thereunder. By section 62 it is provided that:

"After the expiration of fifteen months from the time of the sale of any real estate, if any part of the premises sold shall remain unredeemed by the person against whom the execution issued, or by any person entitled to redeem the same within one year from the time of such sale, according to the foregoing provisions, then the officer making such sale shall complete the same, by executing a conveyance of the premises so remaining unredeemed, either to the original purchaser, or to the creditor who may have acquired the title of such original purchaser, or to the creditor who may have purchased such title from any other creditor, as the case may be; which conveyance shall be valid and effectual to convey all the right, title and interest, which was sold by such officer."

It thus appears that the certificate of the sheriff is not a conveyance of the property. The execution and record of such certificate is a step in the proceeding to enforce the judgment. The judgment having been docketed in Westchester county, it became

a lien upon this particular property, which lien existed for 10 years from the docketing of the judgment. The sale by a sheriff upon an execution issued .upon such judgment was a proceeding to enforce the lien secured by the judgment, and the filing of the certificate of sale was a necessary step to enforce the execution, which must be consummated by a proper conveyance by the sheriff, executed not less than 15 months after the sale. By such conveyance the title of the judgment debtor would be devested from the judgment debtor, and transferred to the purchaser, or person named as grantee in the deed from the sheriff. The record of a certificate of sale is, however, no notice to a subsequent grantee of the sale by the sheriff, and after the lien of the judgment had expired; and a purchaser acquiring the property in good faith, and without notice, no deed from the sheriff having been recorded, and the purchaser having duly recorded his deed under the recording act, would acquire a good title to the property. By the recording act (1 Rev. St. 756, § 1) it is provided that:

"Every conveyance of real estate, within this state, hereafter made, shall be recorded, * * * and every such conveyance not so recorded shall be void as against any subsequent purchaser, in good faith and for a valuable consideration, of the same real estate, or any portion thereof, whose conveyance shall be first duly recorded."

By section 38 it is provided that:

"The term 'conveyance,' as used in this chapter, shall be construed to embrace every instrument in writing, by which any estate, or interest in real estate is created, aliened, mortgaged or assigned; or by which the title to any real estate may be affected in law or .equity."

This sheriff's certificate of sale could not be deemed a conveyance within the provisions of this section. The certificate did not affect any estate or interest in real estate. As before stated, it was a mere step in the proceeding to devest the judgment debtor of his title to the estate. Of itself it operated neither as a conveyance nor charge upon the estate. By the express provisions of the statute it was the deed of the sheriff which conveyed to the purchaser the estate of the judgment debtor, and until· that deed was executed the title remained in the judgment debtor, with a right to the possession of the property, and to collect the rents and profits thereof. The execution and delivery of a deed by the sheriff would relate back so as to convey all the right, title, and interest of the judgment debtor at the time of the docket of the judgment; but where, by the lapse of time, the lien of the judgment upon the land had ceased, and no conveyance or deed executed by the sheriff has been recorded, and where the owner of the land executed a valid conveyance to a third person, who received it for a valuable consideration, and without notice of any other conveyance, and duly recorded his deed under the recording act, his title would be good. Reynolds v. Darling, 42 Barb. 422. Before the conveyance to the plaintiff, the lien of the judgment had expired, and the statute of limitations had run against any proceeding to compel the sheriff to deliver a deed under this alleged sale, or to take any proceeding to enforce the judgment; and, if a deed had been executed by the

sheriff, which was unrecorded, the title of the plaintiff, she having received a deed from the person in whom the fee was vested after the time of the judgment had expired, and without notice of a prior conveyance, and such deed having been duly recorded, would be protected.

It follows, therefore, that the record of this sheriff's certificate in the office of the clerk of Westchester county was not a cloud upon the title of the plaintiff, and that the plaintiff's title to the property is a marketable one. The plaintiff is, therefore, entitled to judgment decreeing a specific performance under the contract, with costs. All concur.