---

(89 App. Div. 603.)

### DIXON v. BICKFORD et al.

(Supreme Court, Appellate Division, First Department. January 8, 1904.)

1. EXECUTION SALE OF REALTY—DEATH OF PURCHASER—DEED TO ASSIGNEE OF HEIRS—VALIDITY.

Under Code Civ. Proc. § 1473, specifically providing that, where a person entitled to a sheriff's deed dies before it is delivered, the sheriff must execute and deliver the deed to his personal representative, a deed so made by the sheriff to the assignee of the deceased purchaser's heirs is void.

2. SAME.

Under Code Civ. Proc. § 1471, providing that, after a sheriff's deed has been recorded 20 years, it shall be presumptive evidence of the facts therein stated, the validity of such a deed, which has not been recorded for the required period, is not helped by a recital therein that it was made pursuant to an order of the Supreme Court.

---

¶ 1. See Execution, vol. 21, Cent. Dig. § 913.

8. SAME—DELAY IN ISSUING DEED—PRESUMPTION OF REDEMPTION—EFFECT.

A lapse of 42 years between an execution sale of realty and issuance of certificate thereof, and a demand for and the issuance of a sheriff's deed, during which the lien of the judgment ceased, and a presumption arose, under Code Civ. Proc. § 376, that the judgment had been satisfied, and a further presumption that a redemption from the sale had been effected, is fatal to the validity of the deed.

Appeal from Special Term, New York County.

Action by Elmer B. Dixon against Mary M. Bickford and others. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

James Kearney, for appellant.

Samuel R. Taylor, for respondent.

McLAUGHLIN, J. This action was brought for the partition and sale of certain real property formerly situate in Westchester county, now in the borough of the Bronx, New York, and to remove a cloud upon the title. At the trial the complaint was dismissed upon the merits, and the respondent Bickford was adjudged to have good title to the premises in question. From the judgment entered to this effect, the plaintiff has appealed. There is no dispute as to the facts. So far as the same are material to the question presented, they are substantially as follows: On the 4th of April, 1853, Joseph Dixon held the legal title to the premises, and on that day a judgment was recovered by confession in the Supreme Court of this state against him, in favor of one Casper J. Schmidt, for $5,006.75, which was docketed in the county of New York on the 9th of that month, and a transcript on the 20th of January, 1855, filed in the county of Westchester. Execution issued thereon on the 8th of March following to the sheriff of Westchester county, in and by which he was directed to satisfy the sum of $401.54, the amount remaining unpaid upon the judgment, out of the judgment debtor's personal property, if a sufficient amount thereof could be found, and, if not, then out of his real property situate in Westchester county. On the 26th of April, 1855, the sheriff, in pursuance of a levy made under the execution, sold to one Casper J. Schmidt "all the right, title, and interest of the defendant Joseph Dixon, of which he was seised or possessed on the 9th day of April, 1853, or at any time thereafter, in and to" the premises, and issued to him a certificate of sale in the usual form, which provided that Schmidt would be entitled to a conveyance on the 26th of July, 1856, unless the premises sold should in the meantime be redeemed. The certificate was filed and recorded in the clerk's office of the county of Westchester on the 1st of May, 1855, and the execution under which the sale had been made and the certificate issued—satisfied to the extent of $84—was returned to and filed in the office of the clerk of the county of New York on the 26th of April, 1855. On the 21st of March, 1861, Schmidt died intestate, and on the 4th of May, 1894, Joseph Dixon also died intestate. Subsequently this action was brought by one of the heirs at law of Dixon, all of his other heirs at law being made parties defendant;

and Casper J. Schmidt was also named as a defendant, if living, as well as "all persons unknown, having or claiming to have an interest in the real property described in the complaint in this action; such unknown persons or owners being herein designated as the heirs at law, next of kin, devisees, legatees, grantees, assignees, and legal representatives of said Casper J. Schmidt, if any, all of whom and whose names, except as stated, are unknown to plaintiff." The complaint set forth the judgment, levy, sale, and issuance of the sheriff's certificate, and alleged certain irregularities in the proceedings which resulted in the sale. The judgment demanded that the premises be partitioned among the heirs at law of Dixon, and that it also be adjudged and determined that neither Schmidt, nor any person or persons claiming under him by virtue of the sale, or certificate given in pursuance of it, had any right, title, interest, or estate in the premises described, and that such certificate be set aside and canceled. On the 23d of July, 1898, subsequent to the commencement of the action, all the heirs at law of Schmidt, for the consideration of $180, assigned all their right, title, and interest in and to the judgment and sheriff's certificate of sale to the respondent Bickford; and a few days thereafter one William V. Malloy, then sheriff of Westchester county, executed and delivered to her a sheriff's deed of the premises, which contained, among other things, a recital to the effect that it was given in pursuance of an order of the Supreme Court held in and for the county of Kings on the 3d of August, 1898. After she had obtained the sheriff's deed she was made a party defendant to the action, and, in the answer interposed by her, set up the facts upon which her alleged title depended, denied the material allegations of the complaint, and asked that the same be dismissed. At the trial the sole question determined was whether the title was in the heirs at law of Dixon, or in the respondent Bickford. The trial court found that the premises at the time of the sale under the execution consisted of four vacant and unimproved lots, which had remained in substantially the same condition ever since. It also found that from the time the certificate of sale was given, in 1855, to the trial of the action, neither Joseph Dixon, nor his heirs at law, on the one side, nor Casper J. Schmidt, nor his heirs at law, or their assignee, on the other, had been in the actual possession; and from which, and the other facts found, it concluded that the respondent Bickford acquired through the sheriff's deed the legal title, which related back to the certificate of sale, and therefore she was presumptively in possession. It thereupon dismissed the complaint upon the merits, and adjudged that she had the legal title; and from the judgment thereafter entered to this effect the plaintiff, as already said, has appealed.

The conclusion at which we have arrived renders it unnecessary to consider or pass upon the questions raised as to the validity of the judgment and proceedings taken which resulted in the certificate of sale, because it may be assumed that such proceedings were regular. Nevertheless, under the facts here presented, the deed which the respondent Bickford obtained from the sheriff did not vest in her any title to the premises in question, or divest the plaintiff and the other heirs at law of Joseph Dixon of the legal title which he had at the

time of his death, and which descended to them. Under section 1473 of the Code of Civil Procedure, a deed could not be given by the sheriff to any person except the executor or administrator of Schmidt. This section is imperative in form, and specifically provides that, where a person entitled to a deed dies before its delivery, the sheriff must execute and deliver the deed to his executor or administrator. Schmidt died in 1861. Whether or not he left a will, which was subsequently probated, does not appear; nor does it appear whether letters of administration were ever issued upon his estate. It, however, does appear that no effort was made to comply with this provision of the statute, but that the deed was given by the sheriff direct to an assignee of the heirs at law of Schmidt. This was ineffectual to transfer any interest whatever in the right to demand a deed under the certificate of sale, or to acquire any interest in the land to which it related, and for the obvious reason that the statute specifically provides in such a contingency how the title can be obtained, and must be passed. To hold otherwise is to work a destruction of the statute by judicial decree. This method of transferring title to real estate is in derogation of the common law. It exists solely by virtue of the statute, and, to obtain a valid title, the statute must be strictly followed. Smith v. Colvin, 17 Barb. 157. It is true, the deed contains a recital that it was given in pursuance of an order of the Supreme Court, but such recital is not evidence of the fact; nor is it binding, until after the expiration of 20 years after the deed shall have been recorded (section 1471, Code Civ. Proc.), upon any person not afforded an opportunity to object to the granting of the same. The plaintiff had no notice of the application for this alleged order, the deed has not been recorded within the time specified in the statute, and therefore the recital contained therein is not binding upon him, and in no way affects whatever title he has.

But we do not care to rest our decision solely upon this ground. The sale under the execution took place on the 26th of April, 1855. Schmidt became entitled, under the certificate of sale, to a deed on the 26th of July, 1856. He did not, so far as appears, then demand it; nor was any application thereafter made for upwards of 40 years, or until August 4, 1898. In the meantime the judgment creditor had died, the judgment had ceased to be a lien upon real estate, and by reason of the lapse of time a presumption prevailed that the judgment itself had been paid. The sale was nothing more nor less than a proceeding to enforce the judgment. The certificate given conveyed no interest in the land. It was, at most, but evidence of steps taken in the proceedings to collect the judgment by enforcing the lien which the statute gave upon the judgment debtor's land. Davidson v. Crooks, 45 App. Div. 616, 61 N. Y. Supp. 362. It is undoubtedly true, as a general rule, that a sheriff's deed, when executed, relates back to the date of the certificate, in so far as is necessary to convey all the right, title, and interest of the judgment debtor at the time of the docketing of the judgment; but this rule has no application where upwards of 40 years have intervened intermediate the giving of the certificate and the deed, the lien in the meantime having ceased, and a legal presumption prevailing that the judgment itself has been paid.

In such case in the absence of proof to the contrary, there exists a legal presumption, as strong as the one relating to the payment of the judgment, that the judgment debtor redeemed from the sale, and thereby destroyed the validity of the certificate.   This presumption, too, is strengthened when it appears that during such time nei-ther the purchaser at the sale, nor any persons claiming under him, has ever demanded a deed, or questioned the title of the judgment debtor in any way.   A mortgage on real estate, where no interest has-been paid, and the mortgagee has not entered into possession, is presumed, after the lapse of 20 years, to have been discharged by payment or otherwise.   Barnard v. Onderdonk, 98 N. Y. 158;  Collins v. Torry, 7 Johns. 278, 5 Am. Dec. 273.   A judgment of a court of record is likewise presumed to have been paid and discharged, in the absence of facts showing to the contrary, within the same time. Section 376, Code Civ. Proc.   A vendee under a contract of sale of real estate, who has remained in possession for a long time, is presumed to have acquired the legal title.   22 Am. & Eng. Enc. of Law (2d Ed.) p. 1290.   So grants from the crown, where a claimant has held possession for many years (Goodtitle v. Baldwin, 11 East, 488), and from the government of the United States (Oaksmith v. Johnston, 92 U. S. 343, 23 L. Ed. 682), are presumed.   Like presumptions have been indulged in to sustain the title of one claiming under an executor or administrator, both as to the actual conveyance by the latter, and as to the regularity of the proceedings.   Am. & Eng. Enc. of Law, supra.

Here the judgment recovered by Schmidt in 1853, and which is the only basis for the certificate of sale, having presumptively been paid, we think the same presumption must be indulged in that the judgment debtor redeemed from the sale, and thereby destroyed the validity of the certificate.   It cannot be that a certificate of sale given by a sheriff has a longer life or greater validity than a judgment of a court of record, or a contract under seal.

We think the trial court erred in dismissing the complaint, and in holding that the respondent Bickford is the sole owner in fee simple of the land therein described;  and for the error thus committed the judgment appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event.   All concur;  HATCH, J., on last ground.