Argued January 5, decided January 10, 1911.

## TALBOT v. COOK.

[112 Pac. 709.]

MORTGAGES — FORECLOSURE — CONVEYANCE TO PURCHASER — STATUTE OF
LIMITATION.

1. Where a decree of foreclosure was made and confirmed in 1895, and
in 1901 the then sheriff executed to the holder of certificate of sale a sher-
iff's deed conveying the premises in question, the fact that the sheriff under
Section 7, subd. 1, B. & C. Comp., after three years, could successfully
resist a mandamus compelling him to execute a deed, does not prohibit him
from voluntarily performing this duty originally enjoined by law, and
executing a valid deed, independent of Section 1035, B. & C. Comp., pro-
viding that, where a sheriff has failed to make a deed during his term of
office, the then sheriff, at any time after such purchaser shall be entitled
to a deed, shall execute such conveyance.

MORTGAGES—POSSESSION OF MORTGAGOR—ADVERSE NATURE.

2. The possession of a mortgagor and her devisee cannot be held adverse
to the claim of the mortgagee, even after judgment and sale in foreclosure,
in the absence of any overt act indicating a change of attitude toward the
mortgagee or his successor in interest, the purchaser at the foreclosure
sale, from that of a voluntary mortgagor to that of a hostile claimant.

ADVERSE POSSESSION—ACTUAL POSSESSION—NOTORIOUS POSSESSION.

3. The mere cutting of firewood by the mortgagor on uninclosed and
unoccupied land for use at her residence or other land, and passing over it
on a roadway thereon, are not such actual or open and notorious possession
as will ripen into title against the claim of the mortgagee or the purchaser
at the foreclosure sale.

From Multnomah:  THOMAS O'DAY, Judge.

Statement by MR. JUSTICE BURNETT.

This is a suit by Ella Talbot against Vincent Cook.
The complaint was framed for the purpose of determin-

ing an adverse claim, interest, or estate of the defendant in the tract of land in question, and to quiet the title of plaintiff therein, pursuant to Section 516, B. & C. Comp.

The answer denies the title of the plaintiff, and on behalf of the defendant claims to deraign title for him by virtue of the foreclosure of a mortgage upon the premises in question given by the mother of the plaintiff, through whom the plaintiff claims.

The reply admits that the plaintiff's mother, being at the time the owner of the premises, gave the mortgage mentioned, and that a decree of foreclosure was duly made, rendered, and entered of record as alleged in the answer, April 20, 1895, but denies the subsequent proceedings in the foreclosure suit and denies the defendant's claim of title. The reply also, as new matter, alleges "that neither the defendant nor his ancestors, predecessors, or grantors have been seised or possessed of the real estate described in the complaint herein within ten years before the date of the commencement of this suit."

From findings and a decree of the circuit court in favor of the defendant, the plaintiff has appealed.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Granville G. Ames.*

For respondent there was a brief over the names of *Mr. Victor K. Strode* and *Mr. J. H. Middleton,* with an oral argument by *Mr. A. E. Clark.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. It appears in the evidence, and was virtually conceded at the hearing in this court that the sheriff's sale in pursuance of the decree of foreclosure was made June 10, 1895, and was confirmed June 26, 1895, and, further, that a subsequent sheriff, on July 11, 1901, made, executed, and delivered to the then holder of the certificate of sale, from whom the defendant derives title, a

sheriff's deed in due form of law, conveying to the holder of the certificate the premises in question, so far as he might lawfully do, by virtue of the proceedings had in the foreclosure suit.

The principal contention of the plaintiff is that because the sheriff then in office could not be compelled by mandamus to execute a deed to the holder of the certificate after three years, owing to the statute of limitations (Section 7, subd. 1, B. & C. Comp.),neither he nor his successor in office had any right or power voluntarily to execute a sheriff's deed after the expiration of the three years prescribed in that statute of limitations, and hence that the sheriff's deed, through which the defendnant here deraigns title, is void. In support of his contention, counsel for plaintiff cites one line of authorities holding under such a statute that the officer cannot be compelled to execute a deed after the expiration of the statute of limitations. This may be conceded as a general principle, but it has no application herein, for the then sheriff did in fact execute a deed to defendant's predecessor in interest. It is true, he might not have been compelled to make the conveyance, and could have pleaded the statute of limitations as against an action in mandamus to compel him to execute it. But no such case arose, and the subsequent sheriff, by his action, in the matter, performed a duty enjoined upon him by law, waiving the statute of limitations, which might have operated in his favor as against a writ of mandamus to compel him to execute the deed. Of this sort of cases, the leading one cited by counsel for appellant is *Hintrager* v. *Traut*, 69 Iowa, 747 (27 N. W. 807), where the purchaser sought by mandamus to compel the officer to convey, and the officer successfully pleaded the statute of limitations as a reason why he should not be thus compelled. The statute of limitations in such cases furnishes ground for questions between the purchaser and the officer, but do not affect the relations

existing between the parties to the suit, at least during the period within which the decree would be a lien upon the land.

Another class of cases cited by the plaintiff is composed of those in which the statute affirmatively states that a certificate of sale shall be void and no deed shall issue within a certain period prescribed; or that no license for sale shall be in force after a certain period and such like provisions. Cases of that kind are *Macy* v. *Raymond,* 9 Pick. (Mass.) 287; *Ryhiner* v. *Frank,* 105 Ill. 326; but they are not applicable to the case at bar because no limitation is expressly provided by our code against the time within which a sheriff may execute a deed to the purchaser at a foreclosure sale.

A third class of cases is like *Dixon* v. *Dixon,* 89 App. Div. 603 (85 N. Y. Supp. 609.) In that case 40 years had elapsed between the issuance of the certificate of sale and the making of the deed. The lien of the judgment had long expired without the debtor's title having been questioned, and under those circumstances the court presumed that either the judgment had been paid or that the land had been redeemed, and that the foundation of the deed which was the lien of the judgment, having disappeared, the deed was void; but the reasoning of that class of cases does not apply in this case.

The decree of foreclosure here was entered April 20, 1895, and its lien would have operated for 10 years thereafter; but before the expiration of that time the deed was made on July 11, 1901, which circumstance distinguishes it from the class of cases of which *Dixon* v. *Dixon,* 89 App. Div. 603 (85 N. Y. Supp. 609), is an example. It does not follow because the sheriff could successfully resist by means of the statute of limitations, a mandamus, compelling him to execute the deed, that he could not voluntarily have performed this duty originally enjoined upon him by law, independent of the statute (Section 1035, B. &

C. Comp.), to which attention will be presently given. In good reason, therefore, especially until the lien of the decree would otherwise lapse, the then sheriff might convey to the holder of the certificate, as was held by this court in *Moore* v. *Willamette Transportation Co.*, 7 Or. 359, and such a conveyance would be effective for the purpose disclosed by its terms.

But, in addition to this reasoning, Section 1035, B. & C. Comp., provides:

"That in all cases where real property has been or may be sold under execution by any sheriff, and he shall fail or neglect, during his term of office by virtue of the expiration thereof or otherwise, to make or execute a proper sheriff's deed, conveying said property to the purchaser; or if through mistake in its execution, or otherwise, any sheriff's deed shall be inoperative, the sheriff in office at any time after such purchaser shall be entitled to a deed shall execute such conveyance, and such conveyance so executed shall have the same force and effect as if made by the sheriff who made the sale."

The effect of the words, "at any time after such purchaser shall be entitled to a deed," would seem to take such transactions out of the terms of Section 7, subd. 1, B. & C. Comp., for effect must be given to all the words of the statute set forth in Section 1035, especially as that statute is remedial in its nature, and must therefore be construed liberally.

2. The plaintiff further claims title by adverse possession of the premises in question as against the defendant, continuing for more than 10 years prior to the commencement of this suit. In passing upon this question some consideration must be given to the nature and situation of the land in dispute. The testimony shows that the premises had at one time been partially cleared, but had never been enclosed or cultivated in any way, and had afterwards grown up to underbrush and small timber; that the only acts of ownership or occupancy exercised by the plaintiff

were an occasional cutting of a few cords of wood for her personal use in her residence on another tract of land, and in casually passing over a roadway on the land.

"There are five essential elements necessary to constitute an effective adverse possession; First, the possession must be hostile and under a claim of right; second, it must be actual; third, it must be open and notorious; fourth, it must be exclusive; and, fifth, it must be continuous. If any of these constituents is wanting, the possession will not effect a bar of the legal title." 1 Am. & Eng. Enc. Law (2 ed.) 795; *Jasperson* v. *Scharinkow,* 150 Fed. 571 (80 C. C. A. 373: 15 L. R. A. (N. S.) 1178), and notes; *McNear* v. *Guistin,* 50 Or. 377 (92 Pac. 1075.)

If the plaintiff was ever in possession of this land her possession was not hostile in its origin. She claims as the devisee of her mother, who is admitted to have mortgaged this land and to have appeared and defended the suit for the foreclosure of that mortgage. The testimony does not disclose any overt act on the part of the plaintiff herein or her mother, under whom she claims, indicating any change of purpose or attitude towards the mortgagee or his successor in interest. The plaintiff cannot claim any better right or situation in that respect than her predecessor in interest, and before she can contend that her possession is hostile in its origin she must by some additional act show that she changes her situation from a voluntary mortgagor to that of a hostile claimant. Whatever her possession was, it lacks the element of being actual or open or notorious.

3. The mere casual cutting of the wood on the land and passing over it back and forth are not sufficient to constitute that open and notorious possession of wild or uninclosed land requisite as an element of adverse holding sufficient to defeat the legal title evidenced by the sheriff's deed. For these reasons, if for no other, the claim of title by adverse possession in the plaintiff must fail. We con-

clude that the sheriff's deed was sufficient in law to pass the legal title, in addition to the equitable title, which had already passed by virtue of a foreclosure and sale, and that under the circumstances of this land being wild and uninclosed, the deed conveying the legal title drew after it possession in defendant's grantor as against any showing of adverse possession on the part of the plaintiff disclosed by the testimony: *Swift* v. *Mulkey*, 14 Or. 59 (12 Pac. 76) ; *Altschul* v. *O'Neill*, 35 Or. 202 (58 Pac. 95).

Having determined that the sheriff's deed to defendant's grantor was effectual to pass the legal title and draw after it the possession of the premises in question, it is unnecessary to consider the offer of the plaintiff made in her reply to redeem the land from the lien of the original mortgage. That privilege was afforded in the regular course of the foreclosure suit, but was allowed to lapse. A court of equity, following the law, as the maxim teaches cannot now resurrect that lost privilege, at least without a better showing than the mere fluctuation of land values.

These considerations lead to the conclusion that the defendant is the owner in fee simple and entitled to the possession of the land in question. The decree of the court below should be affirmed, and it is so ordered.

AFFIRMED.