JENNIE BERKOWITZ, Plaintiff, *v.* HARRY DAM et al., Defendants.

Supreme Court, Kings Special Term, December, 1923.

Judgments — docket — correct name of judgment debtor on docket essential to render notice to subsequent purchasers — when docket of judgment not constructive notice — sheriff's certificate of sale, although recorded, not notice to subsequent purchasers.

A judgment must be docketed in the correct name of the judgment debtor; if not, it is not notice to subsequent purchasers.

A judgment recovered in the Municipal Court of the city of New York against " Max Soicher," the owner of real property in Kings county, was docketed in New York county under the name of " Max Sorcher." Thereafter while the judgment debtor was still the owner of said property the judgment was docketed in Kings county under the name of " Sorcher." Subsequently the judgment debtor conveyed the property to W. and about two years later the sheriff of Kings county, under an execution issued upon the judgment, sold the premises to D. The certificate of sale delivered by the sheriff to the purchaser was in the name of " Soicher " and was so recorded in the county clerk's office. Later W. conveyed the property to one P. who conveyed the same to plaintiff. The time to redeem from the execution sale having expired without a redemption having been effected, D. received from the sheriff a deed of the property which he recorded. In an action to remove the deed to D. as a cloud upon the title it appeared that neither W., P., nor the plaintiff had actual notice of the original judgment. *Held,* that the docket of the judgment in Kings county was not constructive notice of a judgment against " Soicher " and that plaintiff's title was good and she was entitled to judgment.

A searcher of the title was not required to look for a sheriff's certificate of sale and the certificate herein though recorded in the proper name of the judgment debtor was not constructive notice to subsequent purchasers.

ACTION to remove cloud on title.

*Avitable & Eisenhauer (Chas. Eisenhauer,* of counsel), for plaintiff.

*Bijur & Herts (Harry Bijur* and *Herman Rosenblum,* of counsel), for defendant Harry Dam.

CROPSEY. J. When a judgment was obtained against one Max Soicher he was the owner of the property in question. This judgment was entered in the Municipal Court in the borough of Manhattan. Thereafter that judgment was docketed in New York county under the name of Max Sorcher instead of Max Soicher. Still later, but while Soicher remained the owner of the property, which is located in Kings county, the said judgment was docketed in Kings county under the name of Sorcher, instead of Soicher. A week later Soicher conveyed the property to defendant Wasserman. About two years later the sheriff, under an execution issued upon the judgment, sold the property to defendant Dam and delivered to the latter his certificate of sale. This was filed and recorded in the Kings county clerk's office a few days later. This certificate and recording were in the name of Soicher. Eight months later Wasserman sold the property to defendant Poplausky, who three months later sold it to the plaintiff. Four months thereafter defendant Dam received and recorded a deed from the sheriff, the time to redeem having expired and no redemption having been effected. Plaintiff seeks to remove the deed to Dam as a cloud upon his title and for other appropriate relief. Neither Wasserman, Poplausky nor the plaintiff had actual notice of the judgment against Soicher. The first question is, was the docket constructive notice thereof? The docket did not show any judgment against Max Soicher. It showed one against Max Sorcher, but that was not found by the searchers, for they looked for judgments against Soicher. The creditor must see that the docket of a judgment is in the correct name of the debtor. If it is not it is not notice to subsequent purchasers. This question has recently been decided and an able opinion written by my brother Lewis, which collects the cases on the subject. *H. R. & C. Co., Inc.,* v. *Smith,* 121 Misc. Rep. 230.

Defendant Dam raises the question that even though Wasserman acquired a good title (and Dam's attorneys in their brief do not contend otherwise), the plaintiff did not, but took with notice of the judgment because the sheriff's certificate of sale was filed before his purchase was made. I cannot see any merit in this contention. If Wasserman obtained a good title, he could convey it to any one, and his grantee would get the same title Wasserman had. This would be true even if his grantee had actual notice of the judgment against Soicher and of the sale of the property thereunder by the sheriff. *Hayes* v. *Nourse,* 114 N. Y. 595, 606; *Jospe* v. *Danis,* 138 App. Div. 544, 546, 547.

Furthermore the sheriff's certificate of sale was not notice to intending purchasers, although recorded under the correct name

First Const. Co. *v.* Rapid Transit Subway Const. Co.  145

Misc. 145]                    Supreme Court, December, 1923.

of Soicher. Such a certificate is not a conveyance. It did not affect any interest in real property. It was only a step in the proceeding to divest the debtor of his title. The record of the certificate was not notice to a subsequent grantee of the sale by the sheriff. *Davidson* v. *Crooks*, 45 App. Div. 616, 619, 620. The facts in the cited case arose when the provisions of the Revised Statutes (R. S. pt. 3, chap. 6, tit. 5, §§ 42–62) and of chapter 60 of the Laws of 1857 were in force. But so far as this question is concerned the provisions of the Code of Civil Procedure (§§ 1438–1471), now Civil Practice Act (§§ 716–748), are the same in substance. There being no judgment docketed against Soicher, a searcher of the title would not be required to look for a certificate of sale. There could be none unless there was a judgment upon which execution had issued. Even a sheriff's deed given under such circumstances might not be notice. See *Dixon* v. *Dixon*, 89 App. Div. 603, 608. In the case at bar, however, the sheriff's deed was not recorded until after the plaintiff had purchased.

It follows that plaintiff has a good title and should have judgment, with costs.

Settle findings and judgment on notice.

Judgment accordingly.