Argued December 2, 1927, affirmed January 10, 1928.

## RUDOLPH HEYTING *v.* CALOGERO BOTTAG-LIA ET AL.

(262 Pac. 850.)

**Adverse Possession—Where Plaintiff's Tract, Including Disputed Strip, was Inclosed for Forty Years, During Which Plaintiff and Predecessors Asserted Ownership, Plaintiff had Title.**

Where plaintiff's tract, including strip along road which defendant claimed was within his tract, had been inclosed by fence for forty years, and plaintiff and predecessors in interest had asserted ownership, and had cultivated land, and neither defendants nor their predecessors in interest ever made any attempt to dispossess plaintiff or his predecessors in interest until year or two before suit, plaintiff had title to disputed strip.

Adverse Possession, 2 C. J., p. 141, n. 68, p. 276, n. 59.

From Clackamas: J. U. CAMPBELL, Judge.

Department 1.

AFFIRMED.

For appellants there was a brief over the name of *Messrs. Flegel, Reynolds, Flegel & Smith,* with an oral argument by *Mr. John W. Reynolds.*

For respondent there was a brief over the names of *Mr. Albert H. Tanner* and *Mr. John Van Zante,* with an oral argument by *Mr. Tanner.*

Unbroken continuity, as essential element of adverse possession, see note in 15 L. R. A. (N. S.) 1202. See, also, 1 R. C. L. 716. Inclosure of land as essential, see note in Ann. Cas. 1913A, 750. See, also, 1 R. C. L. 698.

BROWN, J.—This suit involves an age-old cause
of dispute, the proper location of the boundary line
fence between the farm lands of the principals to the
contest. The plaintiff's tract of land lies immedi-
ately east of the county road, sometimes called Har-
mony road, in Clackamas County, and the controversy
arose over a little strip of this land 212.5 feet long,
which borders on the county road and constitutes the
extreme west end of plaintiff's property. This strip
is 4.31 feet wide at one end and tapers to a point at
the other, and, if reduced to the form of a square,
would consist of a tract just a little more than
21 feet square. The defendants' land adjoins the
county road on the west. For 40 years, the plain-
tiff's tract, including the strip involved, has been
inclosed by a fence, and during all this time the plain-
tiff and his predecessors in interest have asserted
ownership thereof.

On the trial, a decree was rendered in favor of
plaintiff, and the defendants appeal.

A number of witnesses from Harmony District
gave testimony tending to show that the plaintiff and
his predecessors have had the open, visible, continu-
ous, notorious and hostile possession of the strip in
dispute for at least 40 years prior to the commence-
ment of this suit. To illustrate: John A. Davis testi-
fied that he had lived in the Harmony District for
the last 40 years; that he had known the tract of land
now owned by the plaintiff during all that time;
that all these years there had been a fence along the
county road, and that the land inside the fence, in-
cluding this strip, was cultivated and used more or
less, all the time; that one Marion Phillips had lived
on the place for 20 years or more before moving
to Seattle, and that while Phillips lived on the place

he used and occupied all the land up to the fence along the county road. Davis further testified that he had never heard any controversy about this strip until two or three months prior to the commencement of this suit. C. H. Dye, S. D. Miller and D. B. McBride gave similar testimony. D. T. Meldrum, county surveyor, accounts for the existing confusion as to whether the east line of the defendants' tract extends across the road and includes the little strip in controversy, by reason of the variations in the measurement by compass and the measurement on the ground. See page 52, Transcript. When the plaintiff purchased the tract of land now owned by him, which includes this strip, he was led to believe that the old line fence standing along the east side of the road constituted the boundary line; and, until a year or two before the institution of this suit, neither the defendants nor their predecessors in interest ever made any attempt to dispossess the plaintiff or his predecessors of this tract. Mrs. Rosenau, widow of Wilhelm Rosenau, one of the defendants' predecessors in interest, testified that her husband claimed that the line extended over the road for a short distance, but that he never made any attempt to acquire possession of the land on the east of the road because "he said there was not enough of it, so he would work it not. He wants to work it not. He said there was not enough of it."

According to the testimony of Calogero Bottaglia, one of the defendants, the plaintiff, to avoid litigation, attempted to buy his peace, whereupon this defendant said:

"I said, 'If you want to buy the place, you come and I will sell it to you to the middle of the road.' He said, 'How much do you want?' I said, '$400 if

you buy quick. You no buy quick I will go a little further, and I don't know how much I will go further.' He said, 'No, I won't pay that much. Before I give you that much I will bring it into court.' I said, 'Well, go ahead and do it.' He said, 'I give you $100.' I said, 'No, I don't want the $100, and if you would give me $399.99 I no take it.' "

The foregoing excerpt is an indication of the belligerent attitude of this defendant.

The testimony shows that the inclosure of plaintiff's property was a substantial rail fence. As a matter of law, it has been held that an actual, visible and substantial inclosure is decisive proof of disseizen: Buswell, Limitations and Adverse Possession, § 242. The law governing the instant case is well settled in this state. It is unnecessary to restate what has already been well written. Among the many decisions of this court that may be consulted with profit are *Gardner* v. *Wright,* 49 Or. 609 (91 Pac. 286); *Sommer* v. *Compton,* 52 Or. 173 (96 Pac. 124, 1065); *Talbot* v. *Cook,* 57 Or. 535 (112 Pac. 709); *Chapman* v. *Dean,* 58 Or. 475 (115 Pac. 154); *Bayne* v. *Brown,* 60 Or. 110 (118 Pac. 282); *Thomas* v. *Spencer,* 66 Or. 359 (133 Pac. 822); *Parker* v. *Wolf,* 69 Or. 446 (138 Pac. 463); *McKinney* v. *Hindman,* 86 Or. 545 (169 Pac. 93, 1 A. L. R. 1476); *Krueger* v. *Brooks,* 94 Or. 119 (184 Pac. 285); *Looney* v. *Sears,* 94 Or. 690 (185 Pac. 925, 186 Pac. 548); *Manning* v. *Gregoire,* 97 Or. 394 (191 Pac. 657, 192 Pac. 406); *Anderson* v. *Richards,* 100 Or. 641 (198 Pac. 570); *Westervelt* v. *Risley,* 108 Or. 652 (218 Pac. 751); *Cooley* v. *Henderson,* 112 Or. 258 (228 Pac. 923); *Phipps* v. *Stancliff,* 110 Or. 299 (214 Pac. 335, 222 Pac. 328).

This case is affirmed.          AFFIRMED.

RAND, C. J., and BEAN and BELT, JJ., concur.