PETER G. STRIPHAS, ESQ. County Attorney, Orange County
This is in reply to your letter dated February 16, 1977 in which you asked for the Attorney-General's opinion as to whether a County Treasurer's tax sale certificate issued under the provisions of Real Property Tax Law, § 1006 is recordable as a "conveyance" under the provisions of Real Property Law, §§ 290 and291.
A "conveyance" is defined by Real Property Law, § 290 as a "written instrument by which any estate or interest in real property is created, transferred, mortgaged or assigned or by which the title to any real property may be affected". A certificate of sale does not come within this definition. It merely gives the holder the right to obtain a conveyance of the land sold at the tax sale upon the expiration of the statutory period of redemption if there has been no redemption. An estate or interest in real property is created by the deed to which the holder of the certificate may become entitled, not by the certificate of sale; nor does the certificate transfer, mortgage or assign such estate or interest. Similarly, a certificate of sale does not affect the title to real property; it is the conveyance to which the holder may become entitled which would affect the title. It has been held that a certificate of sale issued by a sheriff upon judgment execution sale does not constitute a conveyance within the definition of that term contained in Real Property Law, § 290 nor does it affect any estate or interest in real property (Davidson v. Crooks, 45 App. Div. 616). This, in our judgment, is also true of a tax sale certificate.
As stated in the Attorney-General's informal opinion to the Genesee County Clerk, 1957 AG (Inf) 122, to which you referred, the only instruments which may be recorded are those which the Legislature has specifically authorized to be recorded. We find no such statutory authorization for a County Treasurer's certificate of sale.
In our opinion, a County Treasurer's certificate of sale issued under the provisions of Real Property Tax Law, § 1006 may not be recorded for the reasons set forth above.
You pointed out that a tax sale certificate issued by a Village Treasurer may be recorded and wondered about the distinction in this regard between such a certificate and one issued by a County Treasurer. The reason is legislative authorization. Our reasearch shows that, except for a two year period from 1930 to 1932, there has always been specific statutory authority for recording a Village Treasurer's certificate of sale (see Real Property Tax Law, § 1454 and its predecessors in the Village Law) whereas there has never been and still is no similar authority for a County Treasurer's certificate of sale (see Real Property Tax Law, § 1006 and its predecessors in the Tax Law). We have been unable to find any reason for this legislative distinction; however, that is the present status of the law.
You stated that the Orange County Commissioner of Finance felt that more purchasers would be interested in bidding at County tax sales if the County Treasurer's certificate of sale were recordable and that this would result in more sales of delinquent tax parcels to private purchasers. This is a matter for consideration by the Legislature.